FILE No.0-3542
0-3542



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Leonard, Speaker
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3542
Re: Whether State Representatives may accept employment with the Federal Government as a printer, under Civil Service without resigning his office as Representative.

We have your request to render an opinion upon the question contained in the letter of Honorable Ben N. Sharpe, member of the House of Representatives dated May 15, 1941, which letter reads as follows:

"May I get a decision from you in regards as to whether I can hold my elected office as Representative of the State, and at the same time be in the Civil Service Commission, as a printer, being stationed at Fort Sam Houston, Texas under the Federal Government.

"I took the examination for this Civil Service Commission some seven years ago, and was called to answer this some five weeks ago.

"Will you kindly let me know, if by accepting this position would I have to resign my position as State Representative, as covered by the Statutes of Texas."

On April 30, 1941, the Supreme Court of Texas handed down its opinion in the case of J. Franklin Spears v. George H. Sheppard (not yet reported) wherein it granted the writ of mandamus directing the Comptroller to issue warrants to Senator

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Spears for mileage and per diem for each day since the date the Legislature convened, although Senator Spears had been in attendance at the sessions of the Senate for only sixteen days; he, being on active duty as an officer of the National Guard during the remainder of the time. We quote from the opinion of the Supreme Court in that case:

"This provision of the Constitution (Art. III, Sec. 24) definitely fixes the pay of a member of the Legislature at 'a per diem of not exceeding $10.00 per day for the first 120 days of each session', and does not make the right to such per diem depend upon actual attendance on the sessions of the Legislature. All that is required is that the Legislature be in session and that the claimant be a member thereof."

From the foregoing it would appear that the incompatibility of other employment of a member of the Legislature with his duties as such member does not serve in any manner to disqualify him.

Section 40 of Article 16 of the Texas Constitution provides that "No person shall hold or exercise at the same time, more than one Civil Office of emolument * * *."

Section 33 of Article 16 provides that:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. * * *."

We believe that employment as a printer by the Federal Government would not be a "civil office of emolument" within the meaning of Section 40, supra; but that it would be a "position of * * * profit under * * * the United States" within the meaning of Section 33, supra. Terrell v. King, 118 Texas 237, 14 S. W. (2d) 786. We conclude, therefore, that insofar as the Constitution and Statutes of Texas are concerned, Representative Sharpe may accept employment from the Federal Government as a printer at Fort Sam Houston, without thereby forfeiting or being

Honorable Homer Leonard, Speaker, Page 3

required to resign his office as member of the House of Representatives, though he may not thereafter receive pay as such member, so long as he holds the Federal position.

Accompanying your letter is a printed sheet which appears to set out the regulations relating to Federal Civil Service employees. Paragraph III thereof reads:

"III. Holding State or Local Office

"Federal employees are prohibited from holding, with certain exceptions, State, Territorial, county, or municipal office or position, by Executive orders of January 17 and 28, 1873. These orders and a list of exceptions thereto are published in Civil Service Commission Form 1236. Holding such office or position, whether received by election or appointment, with or without compensation, will be cause for separation from the Federal service."

This department is not authorized to attempt to construe Federal rules of this nature; wherefore we express no opinion as to the possible effect of the above quoted rule upon Representative Sharpe's right to retain his office as State Representative upon accepting the contemplated employment by the Federal Government.

APPROVED MAY 19, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

WRK:RS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN